UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Beth Marjorie Granger

**SIGNATURE DECLARATION**

Debtor.

Case No. 10-38939

___ PETITION, SCHEDULES & STATEMENTS
___ AMENDED CHAPTER 13 PLAN
___ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
_x_ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
_x_ MODIFIED CHAPTER 13 PLAN
___ OTHER (Please describe:_____)

I, the undersigned debtor *make the following declarations under penalty of perjury*:

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and

Date: 2-7-11

X _____Beth Granger_____
Signature of Debtor, Beth Marjorie Granger

Form ERS

**MODIFIED CHAPTER 13 PLAN**

In re: Granger, Beth Marjorie            Dated: February 7, 2011

                                         Case No. 10-38939

DEBTOR

*In a joint case, debtor means debtors in this plan.*
_____

**1. DEBTOR'S PAYMENTS TO TRUSTEE —**
a. As of the date of this plan, the debtor has paid the trustee $ 0.
b. After the date of this plan, the debtor will pay the trustee $217.50 per month for 60 months, beginning within 30 days after the order for relief for a total of $13,050. The minimum plan length is __36 or _X_60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee $_____
d. The debtor will pay the trustee a total of **$13,050.00** [line 1(a) + line 1(b) + line 1(c)].

**2. PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or **$1,305.00** [line 1(d) x .10].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| a. _____ | $_____ | _____ | $ _____ |
| b. _____ | $_____ | _____ | $ _____ |
| c. **TOTAL** | | | **$** _____ |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** – The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| a._____ | _____ |
| b._____ | _____ |

**5. CLAIMS NOT IN DEFAULT** – Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Claim |
|---|---|
| a. _____ | _____ |
| b. _____ | _____ |
| c. _____ | _____ |
| d. _____ | _____ |

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — Debtor will surrender her homestead to US Bank Home Mortgage, first and second mortgage-holder, and to Pinecrest Villas Homeowners Association. Trustee shall make no payments on this secured debt.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. _____ | $_____ | $_____ | _____ | _____ | $_____ |
| b. _____ | $_____ | $_____ | _____ | _____ | $_____ |
| c. _____ | $_____ | $_____ | _____ | _____ | $_____ |
| **d. TOTAL** | | | | | $_____ |

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month | Number of # Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. _____ | $_____ | ____ | $_____ | _____ | _____ | $_____ |
| b. _____ | $_____ | ____ | $_____ | _____ | _____ | $_____ |
| c. _____ | $_____ | ____ | $_____ | _____ | _____ | $_____ |
| **d. TOTAL** | | | | | | **$**_____ |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS

PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor *PAYMENTS* | *Claim Amount* | *Secured Claim* | *Int. Rate* | *Beginning in Month #* | *(Monthly Payment X* | *Number of Payments)* *=* | *Payments on Account +* | *(Adequate Protection of Claim from ¶ 3)* | **TOTAL** |
|---|---|---|---|---|---|---|---|---|---|
| a. | | | | | $ | | $ | $ | $ |
| b. | | | | | $ | | $ | $ | $ |
| c. | | | | | $ | | $ | $ | $ |
| TOTAL | | | | | | | | | $ |

**9. PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. ***The amounts listed are estimates***. The trustee will pay the amounts actually allowed.

| Creditor | *Estimated Claim* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
|---|---|---|---|---|---|
| a. Attorney Fees | $650 | $130 | 1 | 5 | $650 |
| b. Domestic support | $_____ | $_____ | _____ | _____ | $_____ |
| c. IRS | $_____ | $_____ | _____ | _____ | $_____ |
| d. MN Dept. of Rev. | $_____ | $_____ | _____ | _____ | $_____ |
| e. _____ | $_____ | $_____ | _____ | _____ | $_____ |
| **f. TOTAL** | | | | | **$650** |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: _____
The trustee will pay the allowed claims of the following creditors. ***All entries below are estimates***.

| Creditor | *Interest Rate (if any)* | *Claim Amount* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
|---|---|---|---|---|---|---|
| a._____ | _____ | _____ | _____ | _____ | _____ | $_____ |
| b._____ | _____ | _____ | _____ | _____ | _____ | $_____ |
| **c. TOTAL** | | | | | | **$_____** |

**11. TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately **$11,095.00** [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $0.00.
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $44,380.66.
c. Total estimated unsecured claims are $44,380.66. [line 11(a) + line 11(b)].

**12. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS — The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.** Debtor shall be entitled to the first $1200 for an individual and $2000 for a joint filing, of each year's tax refunds. The debtor shall retain any Earned Income Credit. Debtor shall submit to Chapter 13 Trustee proof of any bonus income, and shall not spend, dissipate or otherwise encumber such funds unless and until the trustee has determined the amount paid into the plan as additional payment. Debtor shall surrender interest in former homestead to US Bank as first and second mortgage-holder and to Pinecrest Villas Homeowners Association. To the extent permissible under non-bankruptcy law, lender shall be able to file deficiency claim.

**14. SUMMARY OF PAYMENTS** —
Trustee's Fee [Line 2]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1,305.00
Home Mortgage Defaults [Line 6(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____
Claims in Default [Line 7(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____
Other Secured Claims [Line 8(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____
Priority Claims [Line 9(f)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $650.00
Separate Classes [Line 10(c)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____
Unsecured Creditors [Line 11] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $11,095.00
**TOTAL [must equal Line 1(d)]** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $13,050.00

Signed /e/ Kelly Lawton Rogosheske
Attorney No. 0388881
ROGOSHESKE LAWTON, PC
1100 West 7th Street, St. Paul MN 55102
(651) 225-9165, Fax: 651-225-9161
*Attorney for Debtor(s)*